IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JANE DOE**                                                                                                    **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO.3:13CV220-NBB-SAA**

**RUST COLLEGE AND SYLVESTER OLIVER**                   **DEFENDANTS**

**CONSOLIDATED WITH**

**JANE DOE 2**                                                                 **PLAINTIFF**

**VS.**                                             **CASE NO. 3:14-CV-028-NBB-SAA**

**RUST COLLEGE, SYLVESTER OLIVER,**
**and DAVID BECKLEY, in his official**
**capacity as President of Rust College**                                 **DEFENDANTS**

**AND**

**JANE DOE 3**                                                               **PLAINTIFF**

**VS.**                                             **CASE NO. 3:14-CV-029-NBB-SAA**

**RUST COLLEGE, SYLVESTER OLIVER,**
**and DAVID BECKLEY, in his official**
**capacity as President of Rust College**                                 **DEFENDANTS**

**AND**

**JANE DOE 4**                                                               **PLAINTIFF**

**VS.**                                             **CASE NO. 3:14-CV-030-NBB-SAA**

**RUST COLLEGE, SYLVESTER OLIVER,**
**and DAVID BECKLEY, in his official**
**capacity as President of Rust College**                                 **DEFENDANTS**

**AND**

| | |
|---|---|
| **JANE DOE 5** | **PLAINTIFF** |
| **VS.** | **CASE NO. 3:14-CV-031-NBB-SAA** |
| **RUST COLLEGE, SYLVESTER OLIVER, and DAVID BECKLEY, in his official capacity as President of Rust College** | **DEFENDANTS** |

**AND**

| | |
|---|---|
| **JANE DOE 6** | **PLAINTIFF** |
| **VS.** | **CASE NO. 3:14-CV-032-NBB-SAA** |
| **RUST COLLEGE, SYLVESTER OLIVER, and DAVID BECKLEY, in his official capacity as President of Rust College** | **DEFENDANTS** |

**AND**

| | |
|---|---|
| **JANE DOE 7** | **PLAINTIFF** |
| **VS.** | **CASE NO. 3:14-CV-033-NBB-SAA** |
| **RUST COLLEGE, SYLVESTER OLIVER, and DAVID BECKLEY, in his official capacity as President of Rust College** | **DEFENDANTS** |

**AND**

| | |
|---|---|
| **JANE DOE 8** | **PLAINTIFF** |
| **VS.** | **CASE NO. 3:14-CV-034-NBB-SAA** |
| **RUST COLLEGE, SYLVESTER OLIVER, and DAVID BECKLEY, in his official capacity as President of Rust College** | **DEFENDANTS** |

**AND**

| | |
|---|---|
| **JANE DOE 9** | **PLAINTIFF** |
| **VS.** | **CASE NO. 3:14-CV-035-NBB-SAA** |

**RUST COLLEGE, SYLVESTER OLIVER,**
and **DAVID BECKLEY, in his official**
capacity as President of Rust College                                        **DEFENDANTS**


<u>**ORDER**</u>
<u>**ORDER GRANTING MOTION TO CONSOLIDATE**</u>
<u>**FOR DISCOVERY ONLY AND STAYING ALL DISCOVERY UNTIL**</u>
<u>**DECEMBER 1, 2014**</u>

The defendants have moved for an order consolidating these cases and asking that they be stayed pending the resolution of the criminal charges related to defendant Sylvester Oliver or until the resolution of the pending dispositive motions in these cases, which ever is later. After a review of the docket and a status conference with the parties, the court finds that the defendants' motions are well taken, but not to the extent requested. Although all of these cases involve the same or similar defendants, many involve a similar set of factual circumstances, and most make the similar allegations against defendants, the facts in the cases are not exactly the same as each grows out of specific facts and circumstances that are particular to each individual plaintiff. Civil Action Number 3:13cv220-NBB-SAA was filed in this court on August 28, 2013. All the other cases – Civil Action Nos. 1:14cv28-NBB-SAA through 1:14cv35-NBB-SAA – were filed on February 14, 2014.

The plaintiffs in each case range from students at Rust College to employees of the College, and the allegations in the complaints chronologically span a broad range. Although all of the cases name as defendants Rust College and David Beckley, in his official capacity as President of Rust College, two of the nine cases also name Johnny McDonald as an additional defendant. The parties agree that the cases will have many witnesses in common and that discovery will be streamlined if otherwise duplicative discovery is permitted to be conducted in a

consolidated manner. Case Management or Status Conferences have been held in all cases by either Judge Virden or the undersigned, and none have been set for trial.[1] To date there has been no discovery, other than pre-discovery disclosures, in any of the cases.

Rule 42(a) of the *Federal Rules of Civil Procedure* provides that "actions before the court [which] involve a common question of law or fact . . . may [be] consolidate[d]." FED. R. CIV. P. 42(a). Here, even though common questions of law and fact may be present in all cases, the sensitive nature of the cases and the specific facts individual to each respective plaintiff make it difficult to consolidate the cases beyond the discovery that may be common to all. At this time, the cases will be consolidated for discovery purposes only. Nevertheless, in light of the pending state criminal proceedings against Dr. Oliver, they parties may not engage in discovery until after resolution of the criminal proceedings or December 1, 2014, whichever occurs first. At this time the court declines to stay the cases pending resolution of the dispositive motions.

It is **ORDERED**

Because consolidation of these cases for discovery purposes will promote cost and time savings for the parties and the court, as well as serve the interests of judicial economy, the court grants the motion to consolidate in part. Civil action number 3:13cv220-NBB-SAA, entitled *Jane Doe v. Rust College , et al.,* is hereby consolidated with the above-listed cases – civil action numbers 3:14cv28-NBB-SAA through 3:14cv35-NBB-SAA – FOR DISCOVERY ONLY. Number 3:13cv220-NBB-SAA will serve as the lead case, and the style will read as above-captioned. Any discovery taken these cases may be used in any of the other cases, or all cases,

---

[1] Civil Action No. 3:13cv220-NBB-SAA was originally set for trial before Judge Mills in July 2015. However the case has been transferred recently to Judge Biggers, and a new trial date will be set in the case.

as though taken in that case. Because the parties may differ from case to case, counsel must take care that they send notices of service of any discovery-related document to all counsel in all cases. The purpose of this consolidation is for discovery only. Counsel are responsible for accurately and correctly following these requirements in all filings via the court's electronic case management system.

This, the 9th day of September, 2014.

                                                      /s/ S. Allan Alexander
                                                    UNITED STATES MAGISTRATE JUDGE